# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CATHERINE PHILIPS, | ) |
| Plaintiff, | ) ) ) ) |
| vs. | ) Civil Action No. 12-410 ) Judge Nora Barry Fischer |
| PATRICK R. DONAHOE, Postmaster General, | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM IN SUPPORT OF ORDER AT DOCKET NUMBER 103

This case is set to begin jury selection and trial on June 2, 2014, and involves alleged retaliation against Plaintiff Catherine Phillips ("Phillips") for making a complaint of sexual harassment against her male co-workers at the Defendant, the U.S. Postal Service. (Docket No. 42). The Court now addresses Plaintiff's Motion in Limine to Exclude Details of Plaintiff's Complaint of Sexual Harassment, as Plaintiff's claim of sexual harassment was dismissed on summary judgment and is no longer at issue in this case. (Docket No. [72]).

Plaintiff filed a brief in support of her Motion on May 6, 2014, (Docket No. [73]), and the Government filed its Response on May 8, 2014, (Docket No. [77]). Plaintiff also objects to Defense Exhibits 13-16 for the reasons stated within her Motion in Limine, (Docket Nos. [74], [75]), and the Government's Response incorporates its Response to Plaintiff's Motion in Limine. (Docket No. [78]). Thereafter, the parties filed competing proposed limiting instructions attempting to resolve this issue. (Docket Nos. [96], [100]). Plaintiff also provided the Court with proposed redactions to Defense Exhibits 13-16, and the Government filed its Response to said proposed redactions. (Docket No. [99]). The Court heard argument on said Motion during the Final Pretrial Conference on May 27, 2014, (Docket No. [101]), and upon consideration of

all the parties' filings with the Court, (Docket Nos. [72], [73], [74], [75], [77], [78], [96], [99], [100]), their arguments at the Final Pretrial Conference, (Docket No. [101]), and for the reasons stated herein, Plaintiff's Motion in Limine, (Docket No. [72]), has been granted.

Pursuant to Rule 401, courts are instructed generally to admit all evidence having "any tendency" to make the existence of a material fact "more probable or less probable than it would be without the evidence." FED. R. EVID. 401; *United States v. Friedman*, 658 F.3d 342, 355 (3d Cir. 2011); *Moyer v. United Dominion Industries, Inc.*, 473 F.3d 532 (3d Cir. 2007) (quoting *Gibson v. Mayor & Council of Wilmington*, 355 F.3d 215, 232 (3d Cir. 2004) ("The definition of relevant evidence is very broad and does not raise a high standard.")). Relevant evidence, however, may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, or needless presentation of cumulative evidence. FED. R. EVID. 403; *see Toledo Mack Sales & Service, Inc. v. Mack Trucks, Inc.*, 386 F. App'x 214, 218 (3d Cir. 2010) ("A district court is accorded wide discretion in determining the admissibility of evidence under the Federal Rules.").

Here, the probative value of any references to allegedly nude photographs is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury, as well as creating a mini-trial on a dispute that has already been resolved by the Court in its ruling on Summary Judgment. (Docket No. 42). At the outset, the Court notes that neither Phillips nor the Court, or counsel for either party, has seen any of the photographs in question, which are not contained in the record.[1] Yet, the Defendant contends that the basic nature of Plaintiff's underlying claim must be disclosed to the jury for it to determine whether her supervisors did or did not have motivation or intent to retaliate against Plaintiff. Both Mary Delaney ("Delaney")

---

[1] As the Court noted in its opinion on summary judgment, Jason Williams apparently deleted the photographs from his telephone immediately after his March 14, 2011 meeting with Randall Daugherty. (Docket No. 42 at 20).

and Kathleen Wells ("Wells") have submitted declarations affirming that they had no knowledge of Phillips' prior EEO activities at the time of her discharge. (Docket No. 38-17 at 7, ¶¶ 46-47; Docket No. 38-18 at 7, ¶¶ 51-52). As for Joseph Buzzell ("Buzzell"), he apparently had no involvement in Plaintiff's termination other than as a "concurring official." (Docket No. 36 at 17). Wells affirmed that Buzzell's role as the "concurring official" had been only to confirm that the "proper administrative procedures" had been followed, and that the stated basis for Phillips' termination was a "recognized basis for termination." (Docket No. 38-18 at 7, ¶ 49). Although Buzzell had been aware of Plaintiff's prior EEO activity, (Docket No. 38-11 at 8-9), there is no evidence that Buzzell himself had seen the photographs, which were purportedly deleted by then-coworker Jason Williams ("Williams"), as of March 14, 2011. (Docket No. 38-4 at 4). For these reasons, the probative value of any reference to the photographs at issue on Defendant's motivation or intent to retaliate against Plaintiff is minimal.

By comparison, the danger of confusion of the issues is high because to the extent that the witnesses and/or parties delve into the nature and characteristics of the photographs, ancillary questions arise concerning why said photographs were created, who created them, any relationship Plaintiff may have had with the individual who created them, and conflicting testimony as to the circumstances, in which they were created. Revisiting these issues is potentially embarrassing and humiliating to Plaintiff. The only issue remaining in this case is whether the Government retaliated against Plaintiff for engaging in protected activity, e.g., filing an Equal Employment Opportunity Complaint. It is not necessary for Plaintiff to prove sexual harassment or a hostile work environment to prevail on her claim for retaliation, and the nature and circumstances of her underlying sexual harassment claim are irrelevant to proving said claim. Moreover, even though other managers, such as Randall Daugherty ("Daugherty"), and

co-workers, such as Dan Blackman ("Blackman"), may have seen the photographs, those managers and co-workers are not involved in Plaintiff's claim of retaliation.

Not only has the Court already addressed issues concerning Plaintiff's claim for sexual harassment and a hostile work environment in a lengthy memorandum opinion on summary judgment spanning forty-five (45) pages, (Docket No. 42), but the parties also previously advised the Court that they would need only four (4) days for trial, not including jury selection, (Docket No. 48). To that end, the Court has only set aside one week for the jury trial of this case. Exploration of the nature and circumstances of the photographs at issue and the circumstances surrounding same—e.g., how they were taken and what happened—would undoubtedly lengthen the trial through potential additional witness testimony and probable objections and argument, likely at sidebar. Given this Court's docket, it is constrained to allot more time to this trial.[2]

The Court further finds that by allowing testimony concerning the nude photographs during trial, additional voir dire concerning the personal habits of jurors may be necessary to ensure a fair trial. Such questioning would address whether they have ever taken nude photos, videos, and/or "selfies" of themselves, shared such photos and/or videos with others, or otherwise engaged in the practice of "sexting."[3] In this Court's estimation, said interrogation would be necessary to secure a fair and impartial verdict.

For all of the aforementioned reasons, the Court finds that the probative value of any reference to the photographs is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury, as well as creating a mini-trial on a dispute that has already been resolved by the Court in its ruling on Summary Judgment. (Docket No. 42).

---

[2] The Court also notes that the this Court is presently without the services of three judges, including one in Erie, which has required all active district judges to handle more cases in both Pittsburgh and Erie.
[3] The United States Court of Appeals for the Third Circuit has described "sexting" as "the practice of sending or posting sexually suggestive text messages and images, including nude or semi-nude photographs, via cellular telephones or over the Internet." *Miller v. Mitchell*, 598 F.3d 139, 143 (3d Cir. 2010).

Accordingly, Plaintiff's Motion in Limine [72] was GRANTED, and IT IS HEREBY ORDERED that Plaintiff's Proposed Redactions to Defense Exhibits 13-16 are SUSTAINED.

IT IS FURTHER ORDERED that:

1. There shall be no mention, reference, or introduction of any testimony or evidence physical or otherwise which in any way relates to the nature or details of Plaintiff's complaint of sexual harassment, including but not limited to any photographs of Plaintiff or any co-worker. Nor shall there be any statement or argument by counsel as to same. Likewise, there shall be no mention, reference or introduction of any detail of Plaintiff's sexual relations or of any character issues dealing with any sexual matter including but not limited to her complaint of sexual harassment, in the liability phase of this case. The parties will reference, as agreed, only that Plaintiff made an allegation of sexual harassment by a co-employee and the date of same without mention of any of the details. The parties shall only entertain evidence as to how, if at all, Plaintiff was treated differently since the complaint regarding Plaintiff's terms and conditions of her employment.

2. Counsel shall instruct their witnesses that they shall make no reference relating to the nature or details of Plaintiff's complaint of sexual harassment, as noted.

IT IS FINALLY ORDERED that the parties shall meet and confer and provide the Court with the redacted versions of Defense Exhibits 13-16, along with all other exhibits to be presented at trial, on or before **Monday, June 2, 2014 at 9:00 AM**, as Defendant represented to the Court that it did not object to said redactions in the event that the Court were to grant Plaintiff's Motion in Limine. (Docket No. 101).

*s/ Nora Barry Fischer*
Nora Barry Fischer
U.S. District Judge

Date: May 30, 2014
cc/ecf: All counsel of record.